

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES C. BARNUM, JR. | CIVIL ACTION |
| VERSUS | NO. 04-3531 |
| CITY OF NEW ORLEANS | SECTION "J" (1) |

## REPORT AND RECOMMENDATION

Plaintiff, James C. Barnum, Jr., filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the City of New Orleans, Louisiana.[1] Petitioner contends that indigent criminal defendants, such as himself, are denied their constitutional rights in New Orleans Municipal Court. As relief, plaintiff requests that he be awarded $250,000 in damages.

Defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[2] However, because defendant had also filed an answer, the Court notified the parties that the motion would be construed as a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).[3] See Jones v. Greninger,

---

[1] Plaintiff was incarcerated at the time he filed this lawsuit, but he has since been released. See Rec. Docs. 1 and 3.

[2] Rec. Doc. 7.

[3] Rec. Doc. 16.

188 F.3d 322, 324 (5th Cir. 1999). Plaintiff has filed a memorandum in opposition to defendant's motion.[4]

The United States Fifth Circuit Court of Appeals has held:

> The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). We accept the complaint's well-pleaded facts as true and view them in the light most favorable to plaintiff. The motion to dismiss should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint.

Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain." Brittan Communications Intern. Corp. v. Southwestern Bell Telephone Co., 313 F.3d 899, 904 (5th Cir. 2002).

Plaintiff's lawsuit arises out of his criminal proceedings in New Orleans Municipal Court cases 875408, 927934, and 938565. Petitioner contends that indigent criminal defendants such as himself are denied their constitutional rights in Municipal Court proceedings. Specifically, plaintiff contends that such defendants are denied appointed counsel and a speedy trial so as to "wear-down poor defendants (Plaintiff) mentally and physically with oppressive proceedings and incarceration to force a guilty plea." He also contends that when victims and witnesses no longer wish to pursue criminal charges, city attorneys and judges are unwilling to drop charges against incarcerated indigent defendants without counsel. He further contends that the public defender will only represent defendants who are willing to plead guilty.

---

[4] Rec. Doc. 17.

It is clear that plaintiff's claims against the City for the actions or inactions of the judges and employees of the New Orleans Municipal Court are meritless. Plaintiff cannot hold the City of New Orleans accountable for those actions or inactions, because the City does not control the New Orleans Municipal Court, its judges, or its employees. Louisiana city courts, including the New Orleans Municipal Court, were created by and exist at the pleasure of the Louisiana Legislature. See La.Rev.Stat.Ann. §§ 13:2491 et seq.; see also La. Const. art. V, § 15(A). City court judges and employees are considered state, not municipal, officers. Thibodeaux v. Arceneaux, 618 F. Supp. 24, 29 (W.D. La. 1984) (on rehearing), aff'd, 768 F.2d 737 (5th Cir. 1985); Cosenza v. Aetna Ins. Co., 341 So.2d 1304, 1306 (La. App. 3rd Cir. 1977); La. Att'y Gen. Op. No. 98-34, 1998 WL 233349 (La. A.G. Apr. 1, 1998); cf. La. Att'y Gen. Op. No. 86-301, 1986 WL 236706 (La. A.G. May 9, 1986) (city courts are "state agencies" for taxation purposes).

Similarly, the City cannot be held liable for the actions or inactions of the public defenders who practice in that court, because the public defenders likewise are not controlled or employed by the City. Rather, the public defenders are employed by the independent Orleans Indigent Defender Board. See La.Rev.Stat.Ann. § 15:144 et seq.

The same is not necessarily true, however, regarding the assistant city attorneys who act as prosecutors in Municipal Court. The City does not argue that it has no control over the city attorneys.[5] Additionally, while absolute prosecutorial immunity would protect the city attorneys against claims asserted against them in their individual capacities, "municipal entities and local governing bodies do not enjoy immunity from suit, either absolute or qualified, under § 1983."

---

[5] It appears that assistant city attorneys are in fact "at will" employees of the City. Finkelstein v. Barthelemy, 678 F. Supp. 1255, 1263 (E.D. La. 1988).

3

Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Nevertheless, for the following reasons, the Court finds that plaintiff's claim against the City necessarily fails.

Pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny, it is clear that under some circumstances a municipality may be held liable for the constitutional violations committed by its employees. However, regarding such Monell claims, the United States Fifth Circuit Court of Appeals has noted:

> In Monell, the Supreme Court held that municipalities and other local government bodies are "persons" within the meaning of § 1983. The Court said that municipalities cannot be held liable for constitutional torts under § 1983 on a *respondeat superior* theory, but they can be held liable when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. Tortious conduct, to be the basis for municipal liability under § 1983, must be pursuant to a municipality's official policy. This requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible. In other words, the act of the municipality is the act only of an authorized policymaker or of an employee following the policymaker's lead.

Burge, 187 F.3d at 470-71 (quotation marks, textual alterations, and citations omitted).

While resolution of most Monell claims turns on whether the plaintiff can demonstrate the existence of an "official policy," that is not the first inquiry. When presented with a § 1983 claim, whether presented as a claim against an individual or a governmental entity, "[o]ur first inquiry is whether plaintiff has alleged a violation of a constitutional right at all." Piotrowski v. City of Houston, 51 F.3d 512, 515 (5th Cir. 1995).

In the instant case, the only alleged violation which relates to a matter within the ultimate control of the city attorneys[6] is plaintiff's claim that criminal charges are pursued even over the objections of victims and witnesses. Even if that is true, it is not unconstitutional. "In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Therefore, even if the Court accepts as true plaintiff's arguably conclusory allegations that such prosecutorial decisions stem from an official municipal policy, his Monell claim still fails because there is no underlying constitutional violation.

## RECOMMENDATION

It is therefore **RECOMMENDED** that defendant's motion for judgment on the pleadings be **GRANTED** and that the claims against the City of New Orleans be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

---

[6] The remaining claims relate to matters controlled by either the judges or the indigent defenders. For example, although plaintiff complains of excessive delays in Municipal Court proceedings, the pace of those proceedings is ultimately controlled by the judges, not the city attorneys. Moreover, even to the extent that the city attorneys play a part in the pace of the proceedings, protracted proceedings are not unconstitutional. While protracted proceedings are surely frustrating for criminal defendants, especially those unable to make bail, only delays that are so egregious as to violate the Sixth Amendment's guarantee of a "speedy trial" are unconstitutional and, even then, procedures exist for assertion and vindication of that Sixth Amendment right.

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 14TH day of November, 2005.

_____
SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE